# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RYAN OWEN MCCARTY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-05-456-HE |
| | ) | |
| WARDEN DAVE MILLER, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Ryan Owen McCarty, a state prisoner appearing pro se, instituted this action pursuant to 28 U.S.C. § 2254 seeking habeas relief and, consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Doyle W. Argo for initial proceedings.[1]  The magistrate judge has now issued his Report and Recommendation, suggesting that the petition be dismissed as untimely.  He concluded that statutory tolling was not available, that the petitioner did not allege the one-year limitations period should be equitably tolled and that neither the petition nor the supporting brief provided a basis for equitable tolling.

The petitioner has filed an objection asserting that the limitations period should be tolled because of Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, ___ U.S. ___ (2005).  However, neither Apprendi nor Booker are retroactive. *See*

---

[1] The petitioner was originally convicted of three counts of first degree murder. On appeal his conviction on one of the murder counts was modified to first degree manslaughter. The petitioner claims he was convicted of felony murder, with the underlying felony being arson.

Leonard v. United States, 383 F.3d 1146, 1148 (10th Cir. 2004); United States v. Jenkins, 2005 WL 1155902, at * 2 (10th Cir. May 17, 2005); United States v. Lucero, 2005 WL 388731, at *2 (10th Cir. Feb. 18, 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. April 5, 2005) (No. 04-9925).[2]

Equitable tolling of the limitations period also is warranted, the petitioner claims, due to his actual innocence. Citing Roper v. Simmons, ___ U.S. ___ (2005), the petitioner contends he lacked the requisite intent to commit the offenses of which he was convicted.[3] He also asserts that the state failed to prove first degree felony murder because it did not establish that he intended to start the fire and, thus, committed the underlying felony and did not prove that he intended to murder the victims.

The petitioner's reliance on Roper is misplaced, as the issue before the Supreme Court in that case was whether it is permissible under the Eighth and Fourteenth Amendments for a juvenile offender, who was older than 15 but younger than 18 when he committed a capital crime, to be executed. He also has failed to demonstrate actual innocence.

"In order to demonstrate actual innocence in a so-called collateral proceeding, a petitioner must present [to the district court] new reliable evidence that was not presented at trial and show that it is more likely than not that no reasonable juror would have found

---

[2] Jenkins and the other unpublished decisions referenced in this order are cited for persuasive value only under 10th Cir. R. 36.3(B).

[3] The petitioner appears to be arguing that, based on Roper, he lacked the mental capacity to form the intent necessary to commit the felony (arson) underlying his felony murder convictions.

[petitioner] guilty beyond a reasonable doubt." Malone v. Oklahoma, 2004 WL 1249850, at *3 (10th Cir. June 8, 2004) (internal quotation omitted). The petitioner has not made the requisite showing, as he has not proffered any additional evidence to demonstrate that "'it is more likely than not than no reasonable juror would have convicted him in light of the new evidence.'" Gonzales v. Beck, 2004 WL 2850113 (10th Cir. Dec. 13, 2004), at *3 (quoting Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999)). Moreover, even if the petitioner had demonstrated rare and extraordinary circumstances justifying equitable tolling of the limitations period, he still failed to show he diligently pursued his federal habeas claims. [4] *See* Richards v. Workman, 2002 WL 1045990, at * 1 (10th Cir. May 24, 2002).

  Having conducted a de novo review, the court concurs with Magistrate Judge Argo that the statutory year to file has expired with respect to the petitioner's claims, *see* 28 U.S.C. § 2244(d)(1), and that the limitations period is not subject to statutory or equitable tolling. Accordingly, the court adopts Magistrate Judge Argo's Report and Recommendation and dismisses the petition for writ of habeas corpus.

---

[4]The petitioner's argument that he is actually innocent because the state failed to prove intent to murder is based on a misunderstanding of the law. A person commits first degree murder, regardless of malice, if the death of a human being results from the commission of first degree arson. 21 Okla. Stat. § 701.7(B).

IT IS SO ORDERED this 31st day of May, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE